UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE: : CASE NO. 19-59740-WLH
:
KEIDRA AIESHA ALI-GADSON, : CHAPTER 7
:
       Debtor. :
                                          :

**TRUSTEE'S APPLICATION FOR APPOINTMENT OF ATTORNEYS**

COMES NOW S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**" or "**Applicant**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Keidra Aiesha Ali-Gadson ("**Debtor**"), and files *Trustee's Application for Appointment of Attorneys* (the "**Application**"). In support of the Application, Trustee respectfully shows the Court the following:

**Introduction**

Trustee requests authority to employ counsel to provide legal services to him regarding: the extent and nature of the Bankruptcy Estate's interest in a certain real Property (defined below); legal issues relating to Trustee's duty to "collect and reduce to money" property of the Bankruptcy Estate, including a potential sale and transfer of the interest in the Property in accordance with applicable principles of Georgia law and the Bankruptcy Code; and analysis of legal issues regarding claims and prosecution of contested matters regarding claims, if and when directed to take place by Trustee.

**Jurisdiction and Venue**

1.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

### Background Facts and Relief Requested

***a. General Facts and Available Assets***

2.

Debtor initiated the underlying bankruptcy case (the "**Case**" or "**Bankruptcy Case**") by filing a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code (the "**Bankruptcy Code**") on June 24, 2019.

3.

On August 3, 2021, the Bankruptcy Case was converted to a case under Chapter 7. Trustee was thereafter appointed and remained the duly acting Chapter 7 trustee in this Case.

4.

On August 17, 2021, Debtor filed an amended *Schedule A/B: Property*, which included her interest in that certain real property with a common address of 1691 Tree Line Road, Lithonia, Georgia (the "**Property**"). [Doc. No. 59, Page 11 of 40].

5.

On her amended *Schedule C: The Property You Claim as Exempt*, which was also filed on August 17, 2021, Debtor scheduled an exemption (the "**Exemption**") in the Property in the amount of $22,650.00 under O.C.G.A. §§ 44-13-100(a)(1) and (6).  *Id.* at page 17 of 40.

6.

Although Debtor has indicated on her statement of intention that she would like to retain the Property, she has communicated with Trustee that she is agreeable to his selling it.

17130972v1

7.

Debtor scheduled a first priority security interest in the Property in favor of Wells Fargo Bank, NA ("**Wells Fargo**").  Upon information and belief, the payoff of Wells Fargo is approximately $83,000.00.  Debtor also scheduled a second priority security interest in the Property in favor of the United States Department of Housing and Urban Development ("**HUD**").  Upon information and belief, the payoff of HUD is approximately $10,000.00.

8.

Based on a real estate marketing analysis, Trustee estimates that the Property has a value of approximately $190,000.00.  Trustee estimates that following payments to the secured creditors, payment of the costs of sale (i.e., broker's commission), and payment of Debtor's claimed Exemption, there is approximately $63,000.00 of unencumbered, non-exempt equity in the Property, calculated as follows:

| | | |
|---|---|---|
| Sale Price | $ | 190,000.00 |
| Real Estate Commission | $ | (11,400.00) |
| First SD | $ | (83,000.00) |
| Second SD | $ | (10,000.00) |
| Exemption | $ | (22,650.00) |
| **Net to Estate** | **$** | **62,950.00** |

### b. Employment of Counsel

9.

To administer this Case in a proper, efficient, and economical manner, it is Trustee's business judgment that he should employ legal counsel to assist him in performing his statutory duties, and he wishes to employ the firm Arnall Golden Gregory LLP ("**AGG**") in this regard. Indeed, because Trustee is not an attorney, it is imperative that he employ counsel to assist him with the numerous legal tasks that will arise in this matter.  *See* 11 U.S.C. § 327(a) (stating that

trustees may employ attorneys "to represent or assist the trustee in carrying out the trustee's duties . . . ." and providing no other basis to employ attorneys); *In re Abraham*, 163 B.R. 772, 783 (Bankr. W.D. Tex. 1994) (stating "trustees are not attorneys (not even when it is an attorney functioning as the trustee)."); *see also In re Loveless Babies, Jr.*, 315 B.R. 785 (Bankr. N.D. Ga. 2004) (Bonapfel, J.) (stating "persons practicing bankruptcy law in Georgia are subject to its rules of professional responsibility, . . . and persons providing legal services with regard to bankruptcy matters without a license are engaged in the unauthorized practice of law. . . . Georgia's exercise of authority in this regard is consistent with the general principle that the states may regulate and license the practice of law *even if the legal services involve matters of federal law*.") (emphasis added) (internal citations omitted); BLR 9010-1 and 9010-2 (providing that only lawyers may be admitted to practice in this Court, whether being admitted as a member of the bar of the District Court or *pro hac vice*); DLR 83.1 (requiring that a person be a member of the Georgia bar to be admitted to the District Court bar); O.C.G.A. § 15-19-50 (providing a list of actions that are the practice of law in Georgia).

10.

The members and associates of AGG are admitted to practice in this Court, have knowledge and experience in bankruptcy practice, and are well qualified to represent Trustee in this matter.  Attached as Exhibit "A" is the Rule 2014 Verification of AGG.

11.

The current hourly billing rates of attorneys (as reduced) and paralegals who may render services in the Case follow:

    1.    Neil C. Gordon              $575.00

|   |   |   |
|---|---|---|
| 2. | Michael J. Bargar | $492.50[1] |
| 3. | William D. Matthews | $445.00 |
| 4. | Angela G. Ford | $225.00 |
| 5. | Pamela E. Bicknell | $225.00 |
| 6. | Carol A. Stewart | $170.00 |

Depending on need for particular experience or the exigencies of the Case, other attorneys may also provide services. The above rates may be increased during the term of the proposed employment or if so awarded by the Court. *See, e.g., Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988) (stating, "[i]n this circuit, where there is a delay the court should take into account the time value of money and the effects of inflation and generally award compensation at current rates rather than at historic rates.").

12.

Specifically, Trustee requests authority to employ counsel to provide legal services to him regarding: the extent and nature of the Bankruptcy Estate's interest in a certain real Property; legal issues relating to Trustee's duty to "collect and reduce to money" property of the Bankruptcy Estate, including a potential sale and transfer of the interest in the Property in accordance with applicable principles of Georgia law and the Bankruptcy Code; and analysis of legal issues regarding claims and prosecution of contested matters regarding claims, if and when directed to take place by Trustee.

13.

The professional services, for which it is necessary that an attorney act, may also include:

---

[1]     In the exercise of its billing judgment, AGG has voluntarily reduced Michael J. Bargar's 2021 rate from $565.00 to $492.50 per hour. Depending on the complexity of the legal issues that arise in this matter, it reserves the right to charge his actual rate. In addition, AGG is committed to ensuring that Trustee fulfills his statutory duty to make a meaningful distribution to unsecured creditors, and it will adjust its fees, as necessary, at the end of the Case to ensure that Trustee accomplishes this.

17130972v1

(a)      Preparation of pleadings and motions and conducting of examinations incidental to the administration of the Bankruptcy Estate;

(b)      Legal services incidental to preservation and disposition of assets;

(c)      Investigation, analysis, and appropriate legal action, if required, relative to any preference, fraudulent transfer, unperfected security interest, improper disposal of assets, prosecution of the Bankruptcy Estate's claims, or pending litigation;

(d)      Any and all other necessary legal actions incident to the proper preservation and administration of the Bankruptcy Estate.

14.

Based on all of the above, it is Trustee's business judgment that he should employ AGG to assist him in this matter.  *See e.g., McConnell*, 2021 WL 203331, at * 15 (Bankr. N.D. Ga. January 4, 2021) (Bonapfel, J.) (stating "trustees exercise discretion in the administration of estates, and bankruptcy courts properly defer to their business judgment in determining how to perform their duties.").  The issue in this regard is whether a trustee "acts with requisite care, disinterestedness, and good faith in the effort to maximize value—rather than whether this or any other court would necessarily make the same business decision, on the one hand, or seek to maximize value in a different way, on the other."    *In re Global Crossing, Ltd.*, 295 B.R. 726, 744 at FN 58, (Bankr. S.D.N.Y. 2003).  In addition to the necessary legal tasks that will arise in this matter (as discussed in detail above), there are other very good business reasons that justify Trustee's employing counsel, including the fact that AGG carries E&O coverage[2] that will

---

[2]      Although Trustee has E&O coverage that protects him and the Bankruptcy Estate in the unfortunate event of missteps while serving in his capacity as Trustee, that insurance does not provide coverage (for him or the Bankruptcy Estate) for actions that are the practice of law as defined by the Georgia Code.

insulate the Bankruptcy Estate against claims for damage in the event something unfortunately goes awry in this matter.

15.

To the best of Trustee's knowledge, said firm's acting as attorneys in this case will be in the best interest of the Bankruptcy Estate, Debtor, creditors, and all other parties in interest. To the best of Applicant's knowledge, and except as otherwise disclosed herein and in the Bankruptcy Rule 2014 Verification of Michael J. Bargar, the firm has no connection with Debtor, her creditors, any party in interest in this case, their attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee. Said firm does not hold or represent an interest adverse to the estate, does not represent any creditor or other known interested party, and is a disinterested person under 11 U.S.C. § 327(a), as that term is defined in 11 U.S.C. § 101(14). Disclosure is made, however, that Neil C. Gordon, a partner of the firm, and Michael J. Bargar, a partner of the firm, have been appointed by the United States Trustee for Region 21 to act as panel trustees in the United States Bankruptcy Court, Northern District of Georgia, Atlanta Division.  As a result, employees of AGG regularly communicate with employees of the Office of the United States Trustee.

16.

To expedite the marshalling and protecting of the Bankruptcy Estate's assets, AGG has already performed certain legal services for the Bankruptcy Estate or plans to perform such services, which may be rendered prior to the signing of any order resulting from this Application.

17.

Trustee proposes that AGG be compensated for its services in accordance with future orders of the Court based upon the criteria for professional compensation required by bankruptcy

law. No compensation will be paid by Trustee to said law firm except upon application to and approval by the Court after notice and hearing as required by law.

WHEREFORE, Trustee prays that Trustee be authorized to employ AGG as his attorney in this Case and that the Court grant such other and further relief deemed just and proper.

Respectfully submitted this ___ day of September, 2021.

_____
S. Gregory Hays
Chapter 7 Trustee

Hays Financial Consulting, LLC
2964 Peachtree Rd, NW, Suite 555
Atlanta, GA 30305
(404) 926-0060

*Proposed Attorneys for Trustee*:

ARNALL GOLDEN GREGORY LLP

By: _____

171 17th Street, NW, Suite 2100        Michael J. Bargar
Atlanta, GA 30363                      Georgia Bar No. 645709
(404) 873-8500                         michael.bargar@agg.com

17130972v1

law. No compensation will be paid by Trustee to said law firm except upon application to and

approval by the Court after notice and hearing as required by law.

WHEREFORE, Trustee prays that Trustee be authorized to employ AGG as his attorney

in this Case and that the Court grant such other and further relief deemed just and proper.

Respectfully submitted this 30th day of September, 2021.


_____

S. Gregory Hays
Chapter 7 Trustee

Hays Financial Consulting, LLC
2964 Peachtree Rd, NW, Suite 555
Atlanta, GA 30305
(404) 926-0060


*Proposed Attorneys for Trustee*:

ARNALL GOLDEN GREGORY LLP

By:  */s/ Michael J. Bargar*

171 17th Street, NW, Suite 2100         Michael J. Bargar
Atlanta, GA 30363                       Georgia Bar No. 645709
(404) 873-8500                          michael.bargar@agg.com

17130972v1

**EXHIBIT "A"**

**RULE 2014 VERIFICATION WITH REGARD TO
EMPLOYMENT OF ATTORNEYS**

The undersigned hereby declares under penalty of perjury:

1.      I am a partner with the law firm of Arnall Golden Gregory LLP, with offices at 171 17th Street, NW, Suite 2100, Atlanta, Georgia 30363 (the "**Firm**").

2.      S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") in the bankruptcy case of Keidra Aiesha Ali-Gadson ("**Debtor**"), has asked the Firm to represent him as Trustee in this case.

3.      To the best of my knowledge, the Firm has no connection with the Debtor, her creditors, any party in interest in this case, their attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, except as set forth below. The Firm represents no interest which would be adverse to the estate of Debtor in connection with the matters upon which the Firm is to be engaged.  The Firm is a disinterested person as that term is defined in 11 U.S.C. § 101(14).   Disclosure is made that the Firm represents me (in my capacity as a bankruptcy trustee) as special or general counsel in unrelated matters.  Disclosure is also made that Neil C. Gordon, a partner of the Firm, and I, Michael J. Bargar, have been appointed by the United States Trustee for Region 21 to act as panel trustees in the United States Bankruptcy Court, Northern District of Georgia, Atlanta Division. As a result, employees of the Firm regularly communicate with employees of the Office of the United States Trustee.

4.      The Firm will not expect nor receive any compensation from the estate except upon application to and approval by the Bankruptcy Court after notice and hearing.

Dated this 30th day of September, 2021.

By: */s/ Michael J. Bargar*
      Michael J. Bargar
      Georgia Bar No. 645709

17130972v1

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing *Trustee's Application for Appointment of Attorneys* by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage affixed thereon to assure delivery by first class mail to the following entities at the addresses stated:

Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Rushi D. Patel
The Patel Law Group, LLC
1995 North Park Place, SE
Suite 565
Atlanta, GA 30339

Keidra Aiesha Ali-Gadson
1691 Tree Line Rd
Lithonia, GA 30058

S. Gregory Hays
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

This 30th day of September, 2021.

/s/ Michael J. Bargar
Michael J. Bargar
Georgia Bar No. 645709

17130972v1