## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 19-59740-WLH |
| KEIDRA AIESHA ALI-GADSON<br>*aka* Keidra Aiesha Gadson<br>*aka* Keidra Aisha Sampson<br>*aka* Keidra Al-Gadson | CHAPTER: 7<br><br>JUDGE  WENDY L. HAGENAU |
| DEBTOR. | |
| U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR RMTP TRUST, SERIES 2021 BKM-TT,<br><br>            MOVANT.<br>V.<br><br>KEIDRA AIESHA ALI-GADSON,<br>            DEBTOR.<br><br>S. GREORY HAYS,<br>            TRUSTEE,<br><br>            RESPONDENTS. | CONTESTED MATTER |

### NOTICE OF HEARING

**PLEASE TAKE NOTICE** that *U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR RMTP TRUST, SERIES 2021 BKM-TT* has filed a *Motion for Relief from Automatic Stay* related papers with the Court seeking an order lifting the automatic stay to allow foreclosure.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold an initial telephonic hearing for announcements on the *Motion for Relief from Automatic Stay* at the following number: **Toll Free Number: 833-568-8864, Meeting ID: 161 202 1574** at **9:30 a.m.** on **January 13, 2022, in Courtroom 1403**, at the Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303.

Matters that need to be heard further by the Court may be heard by telephone, by video conference, or in person, either on the date set forth above or on some other day, all as determined by the Court in connection with this initial telephonic hearing. Please review the "Hearing Information" tab on the judge's webpage, which can be found under the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the webpage for this Court, www.ganb.uscourts.gov for more information.

Your rights may be affected by the court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your

attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk is: **United States Bankruptcy Court, 75 Ted Turner Drive, SW, Room 1340, Atlanta GA 30303.**

If a hearing on the Motion for Relief from the Automatic Stay (the "Motion") cannot be held within thirty (30) days, Movant waives the requirement for holding a preliminary hearing within thirty (30) days of filing the motion and agrees to a hearing on the earliest possible date. If a final decision cannot be rendered by the Court within sixty (60) days of the date of the request, Movant waives the requirement that a final decision be issued within that period. Movant consents to the automatic stay remaining in effect until the Court orders otherwise.

Dated: December 7, 2021

Respectfully Submitted,

/s/ Laura A. Grifka_____
Laura A. Grifka, (GBN 312055)
*Counsel for Movant*
MCMICHAEL TAYLOR GRAY, LLC
3550 Engineering Drive, Suite 260
Peachtree Corners, GA 30092
Telephone: (404) 474-7149
Facsimile: (404) 745-8121
E-mail: lgrifka@mtglaw.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | CASE NO. 19-59740-WLH |
| KEIDRA AIESHA ALI-GADSON<br>*aka* Keidra Aiesha Gadson<br>*aka* Keidra Aisha Sampson<br>*aka* Keidra Al-Gadson | CHAPTER: 7<br><br>JUDGE  WENDY L. HAGENAU |
| DEBTOR. | |
| U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR RMTP TRUST, SERIES 2021 BKM-TT, | CONTESTED MATTER |
| MOVANT.<br>V.<br><br>KEIDRA AIESHA ALI-GADSON,<br>DEBTOR.<br><br>S. GREORY HAYS,<br>TRUSTEE,<br><br>RESPONDENTS. | |

<u>**MOTION FOR RELIEF FROM AUTOMATIC STAY**</u>

**If you are experiencing a hardship such as job loss, income reduction, or sickness due to COVID-19 and you are no longer able to make your mortgage payment please have your attorney contact our local counsel or contact us directly to discuss what mortgage payment relief options may be available to you. Options may include a temporary suspension of payments or similar alternative. Not all borrowers will qualify or be eligible for these options but we encourage you to call and determine what we can offer to assist you.**

      **COMES NOW** U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR RMTP TRUST, SERIES 2021 BKM-TT, ("Movant") a secured creditor in the above-captioned case, by and through counsel, and moves this Court to enter an order granting its request for relief from the automatic stay imposed by 11 U.S.C. § 362 and respectfully shows this Court as follows:

      1.      On June 24, 2019, Debtor filed a Chapter 13 petition with the Bankruptcy Court for the Northern District of Georgia, which converted to Chapter 7 of Title 11 of the United States Bankruptcy Code on August 3, 2021.

2.      Movant holds a Promissory Note secured by the Security Deed which describes real property owned by Debtor and known as: 1691 Tree Line Road, Lithonia, GA 30058 ("Property"). A copy of the Note, Security Deed, Allonge(s), and Assignment(s) of Mortgage, are attached hereto as **Exhibit A** respectively.

3.      Debtor executed a Promissory Note secured by a Mortgage or Security Deed. The Promissory Note is either made payable to Movant or has been duly indorsed. Movant, directly or through an agent, has possession of the Promissory Note. Movant is the original mortgagee or the beneficiary or the assignee of the Mortgage or Security Deed.

4.      Upon information and belief, the approximate payoff, exclusive of legal fees and expenses incurred in the connection with the instant motion, due and owing to the Movant as of October 29, 2021 is approximately $79,034.18.

5.      Based on the Debtor's schedules, the value of the Property is approximately $194,760.00.

6.      The Debtor's Statement of Intention states the Debtor proposes to retain the Property.

7.      Debtor is in breach of the terms of the Note and Security Deed by failing to make the contractual payments and is now due for the October 1, 2020 payment.

Arrearages are as follows:

| | |
|---|---|
| (3) Payments at $744.50 | $2,233.50 |
| (10/01/2020 thru 12/01/2020) | |
| (1) Payment at $742.56 | $ 742.56 |
| (01/01/2021) | |
| (5) Payments at $802.03 | $4,010.15 |
| (02/01/2021 thru 06/01/2021) | |
| (4) Payments at $747.39 | $2,989.56 |
| (07/01/2021 thru 10/01/2021) | |
| Late Charges | $ 246.98 |
| Property Inspection Fees | $ 40.00 |
| Less Suspense Credit | {$435.99} |
| **Total** | **$9,826.76** |

8.      Cause exists for relief from the automatic stay. Mortgage payments are not being made to the Movant. As such, Movant's interests are not adequately protected.

9.      In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant or Movant's successor or assignee.

**WHEREFORE**, Movant prays the Court as follows:

1.      Modify the Automatic Stay of 11 U.S.C. § 362(a) to permit Movant to enforce its security interest in the Property including but not limited to any non-bankruptcy remedies to foreclose and obtain possession;

2.      Modify Rule 4001(a)(3) of the Bankruptcy Code so that it is not applicable in this case and so Movant may immediately enforce and implement this order granting relief from the automatic stay;

3.      Movant specifically requests permission to communicate with the Debtor and Debtor's counsel to the extent necessary to comply with applicable non-bankruptcy law; and

4.      Grant Movant such other and further relief as the Court deems just and proper.

This the 7th day of December 2021.

Respectfully Submitted,

/s/ Laura A. Grifka
Laura A. Grifka, (GBN 312055)
*Counsel for Movant*
MCMICHAEL TAYLOR GRAY, LLC
3550 Engineering Drive, Suite 260
Peachtree Corners, GA 30092
Telephone: (404) 474-7149
Facsimile: (404) 745-8121
E-mail: lgrifka@mtglaw.com

## CERTIFICATE OF SERVICE

I, Laura Grifka, certify that on December 7, 2021, I served a copy of the foregoing ***Motion for Relief from Stay and Notice of Hearing*** by first class U. S. Mail, with adequate postage prepaid and/or electronic service (CM/ECF) on the following persons or entities at the addresses stated:

**<u>Via U.S. Mail</u>**
Keidra Aiesha Ali-Gadson
169 Tree Line Rd
Lithonia, GA 30058

**<u>Via CM/ECF</u>**
Rushi D. Patel
The Patel Law Group, LLC
1995 North Park Place, SE
Suite 565
Atlanta, GA 30339

S. Gregory Hays, Chapter 7 Trustee
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

/s/ Laura A. Grifka_____
Laura A. Grifka
*Counsel for Movant*
MCMICHAEL TAYLOR GRAY, LLC
3550 Engineering Drive, Suite 260
Peachtree Corners, GA 30092

# EXHIBIT A

# NOTE

FHA Case No.

| NOVEMBER 22, 2013 | DULUTH | GEORGIA |
|---|---|---|
| [Date] | [City] | [State] |

1691 TREE LINE ROAD, LITHONIA, GA 30058
[Property Address]

## I. PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means **ACADEMY MORTGAGE CORPORATION** and its successors and assigns.

## 2. BORROWER'S PROMISE TO PAY; INTEREST

In return for a loan received from Lender, Borrower promises to pay the principal sum of **EIGHTY-THREE THOUSAND FOUR HUNDRED SIXTY AND 00/100** Dollars (U.S. **$83,460.00**), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of **FOUR AND THREE-FOURTHS** percent (**4.750%**) per year until the full amount of principal has been paid.

## 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

## 4. MANNER OF PAYMENT

### (A) Time

Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on **JANUARY 1, 2014**. Any principal and interest remaining on the first day of **DECEMBER, 2043**, will be due on that date, which is called the "Maturity Date."

### (B) Place

Payment shall be made at **1220 EAST 7800 SOUTH, SANDY, UT 84094** or at such place as Lender may designate in writing by notice to Borrower.

### (C) Amount

Each monthly payment of principal and interest will be in the amount of U.S. **$435.37**. This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

### (D) Allonge to this Note for Payment Adjustments

If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box.]

☐ Graduated Payment Allonge    ☐ Growing Equity Allonge    ☐ Other [Specify] _____

## 5. BORROWER'S RIGHT TO PREPAY

---

36.32                                    Page 1 of 3                        FHA Multistate Fixed Rate Note - 07/11

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

## 6. BORROWER'S FAILURE TO PAY

### (A) Late Charge for Overdue Payments

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of 15 calendar days after the payment is due, Lender may collect a late charge in the amount of FOUR percent (4.000%) of the overdue amount of each payment.

### (B) Default

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances, regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

### (C) Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

## 7. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

---





BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____  11/22/17
- BORROWER - KEIDRA ALI-GADSON - DATE -

*[Sign Original Only]*

Pay To The Order Of

Wells Fargo Bank, N.A.

_____
Without Recourse
Academy Mortgage Corporation

**Carlyn Losee, Collateral Specialist**

WITHOUT RECOURSE
PAY TO THE ORDER OF

WELLS FARGO BANK, N.A.

BY _____
SAMUEL C. SHELLEY, SENIOR VICE PRESIDENT
0118

2013192226    DEED BOOK **24165** Pg **261**

Georgia Intangible Tax Paid $250.50

Filed and Recorded:
**12/09/2013 10:04:59 AM**
Debra DeBerry
Clerk of Superior Court
DeKalb County, Georgia

**SERRANO MCKINNEY**
**UMPIERRE, LLC**
1355 TERRELL MILL ROAD
BUILDING 1472, SUITE 100
MARIETTA

Prepared By:
**YVETTE SULLINS**
**ACADEMY MORTGAGE CORPORATION**
**1220 EAST 7800 SOUTH**
**SANDY, UT 84094**
**(801) 233-3700**

When Recorded Mail To:
**ACADEMY MORTGAGE CORPORATION**
**1220 EAST 7800 SOUTH**
**SANDY, UT 84094**
ATTN: *CLOSING DEPARTMENT*
**(801) 233-3700**

[Space Above This Line For Recording Data]

## SECURITY DEED

FHA Case No.

ALI-GADSON
Loan
MIN
MERS Phone 1-888-679-6377
PIN

THIS SECURITY DEED ("Security Instrument") is given on **NOVEMBER 22, 2013**. The grantor is
**KEIDRA ALI-GADSON SOLE OWNERSHIP** ("Borrower"). This Security Instrument is given to Mortgage
Electronic Registration Systems, Inc. ("MERS") (solely as nominee for Lender, as hereinafter defined, and
Lender's successors and assigns), as beneficiary. MERS is organized and existing under the laws of
Delaware, and has an address and telephone number of P.O. Box 2026, Flint, Michigan 48501-2026,
telephone (888) 679-MERS. **ACADEMY MORTGAGE CORPORATION**, is which is organized and existing
under the laws of **UTAH**, and whose address is **1220 EAST 7800 SOUTH, SANDY, UT 84094**
("Lender"). Borrower owes Lender the principal sum of **EIGHTY-THREE THOUSAND FOUR HUNDRED
SIXTY AND 00/100** Dollars (U.S. **$83,460.00**). This debt is evidenced by Borrower's note dated the
same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if
not paid earlier, due and payable on **DECEMBER 1, 2043**. This Security Instrument secures to Lender: (a)
the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and
modifications of the Note; (b) the payment of all other sums, with interest, advanced under Paragraph 7 to
protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and
agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby grant and
convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and
assigns of MERS, with power of sale, the following described property located in **DEKALB** County, Georgia:
**SEE ATTACHED EXHIBIT "A"**
which has the address of **1691 TREE LINE ROAD, LITHONIA**, Georgia **30058** ("Property Address"):

TO HAVE AND TO HOLD this property unto MERS (solely as nominee for Lender and Lender's
successors and assigns) and to the successors and assigns of MERS, forever, together with all the
improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now
or hereafter a part of the property. All replacements and additions shall also be covered by this Security
Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower

FHA Georgia Security Deed - 06/13



understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:

**UNIFORM COVENANTS:**

1. **Payment of Principal, Interest and Late Charge**
   Borrower shall promptly pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

2. **Monthly Payment of Taxes, Insurance and Other Charges**
   Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for

   (a) taxes and special assessments levied or to be levied against the Property,

   (b) leasehold payments or ground rents on the Property, and

   (c) premiums for insurance required under Paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either

   (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or

   (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

   Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. Sec. 2601 et seq. and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time (RESPA), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments

FHA Georgia Security Deed - 06/13
371.14                              Page 2 of 10

are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall deal with the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrowers account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

3. **Application of Payments**

All payments under Paragraphs 1 and 2 shall be applied by Lender as follows:

- First, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

- Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

- Third, to interest due under the Note;

- Fourth, to amortization of the principal of the Note; and

- Fifth, to late charges due under the Note.

4. **Fire, Flood, and Other Hazard Insurance**

Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either

(a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in Paragraph 3, and then to prepayment of principal, or

(b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in

FHA Georgia Security Deed - 06/13
371.14

Page 3 of 10

Paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

5. **Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds**
Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned property. Borrower shall also be in default if borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

6. **Condemnation**
The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in Paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in Paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

7. **Charges to Borrower and Protection of Lender's Rights in the Property**
Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in Paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by Paragraph 2, or fails to perform

FHA Georgia Security Deed - 06/13
371.14                            Page 4 of 10

$KAG$

any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in Paragraph 2.

Any amounts disbursed by Lender under this Paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement at the Note rate, and at the option of Lender shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower:

(a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender;

(b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lenders opinion operate to prevent the enforcement of the lien; or

(c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

8. **Fees**
Lender may collect fees and charges authorized by the Secretary.

9. **Grounds for Acceleration of Debt**

(a) **Default**. Lender may, except as limited by regulations issued by the Secretary in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

(i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

(ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

(b) **Sale Without Credit Approval**. Lender shall, if permitted by applicable law (including Section 341(d) of the Garn-St Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

(i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property, but his or her credit has not been approved in accordance with the requirements of the Secretary.

**FHA Georgia Security Deed - 06/13**
321.14                                    Page 5 of 10

(c) **No Waiver**. If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

(d) **Regulations of HUD Secretary**. In many circumstances regulations issued by the Secretary will limit Lender rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

(e) **Mortgage Not Insured**. Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within **60 days** from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to **60 days** from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

10. **Reinstatement**

Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorney's fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if:

(i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding,

(ii) reinstatement will preclude foreclosure on different grounds in the future, or

(iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

11. **Borrower Not Released; Forbearance by Lender Not a Waiver**

Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrowers successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

12. **Successors and Assigns Bound; Joint and Several Liability; Co-Signers**

The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of Paragraph 9(b). Borrowers covenants and

FHA Georgia Security Deed - 06/13

1211.14    Page 6 of 10

agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note:

(a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument;

(b) is not personally obligated to pay the sums secured by this Security Instrument; and

(c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

13. **Notices**

Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

14. **Governing Law; Severability**

This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end, the provisions of this Security Instrument and the Note are declared to be severable.

15. **Borrower's Copy**

Borrower shall be given one conformed copy of the Note and of this Security Instrument.

16. **Hazardous Substances**

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any Investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this Paragraph 16, "Environmental law" means

FHA Georgia Security Deed - 06/13
32L14                           Page 7 of 10

federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

17. **Assignment of Rents**

Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its right under this Paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other rights or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

18. **Foreclosure Procedure**

**If Lender requires immediate payment in full under Paragraph 9, Lender may invoke the power of sale granted by Borrower and any other remedies permitted by applicable law. Borrower appoints Lender the agent and attorney-in-fact for Borrower to exercise the power of sale. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Paragraph 18, including, but not limited to, reasonable attorney's fees and costs of title evidence.**

**If Lender invokes the power of sale, Lender shall give a copy of a notice of sale to Borrower in the manner provided in Paragraph 13 and shall give notice of sale by public advertisement for the time and in the manner prescribed by applicable law. Lender, without further demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place under the terms designed in the notice of sale in one or more parcels and in any order Lender determines. Lender or its designee may purchase the Property at any sale.**

**Lender shall convey to the purchaser indefeasible title to the Property, and Borrower hereby appoints Lender Borrower's agent and attorney-in-fact to make such a conveyance. The recitals in the Lender's deed shall be prima facie evidence of the truth of the statements made therein. Borrower covenants and agrees that Lender shall apply the proceeds of the sale in the following**

FHA Georgia Security Deed - 06/13
171 14                                    Page 8 of 10

order: (a) to all expenses of the sale, including, but not limited to, reasonable attorney's fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it. The power and agency granted are coupled with an interest, are irrevocable by death or otherwise and are cumulative to the remedies for collection of debt as provided by law.

If the property is sold pursuant to this Paragraph 18, Borrower, or any person holding possession of the Property through Borrower, shall immediately surrender possession of the Property to the purchaser at the sale. If possession is not surrendered, Borrower or such person shall be a tenant holding over and may be dispossessed in accordance with applicable law.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph 18 or applicable law.

19. **Release**
Upon payment of all sums secured by this Security Instrument, Lender shall cancel this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

20. **Waiver of Homestead**
Borrower waives all rights of homestead exemption in the Property.

21. **Assumption not a Novation**
Lender's acceptance of an assumption of the obligations of this Security Instrument and the Note, and any release of Borrower in connection therewith, shall not constitute a novation.

22. **Security Deed**
This conveyance is to be construed under the existing laws of the State of Georgia as a deed passing title, and not as a mortgage, and is intended to secure the payment of all sums secured hereby.

23. **Riders to this Security Instrument**
If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)].

☐ Condominium Rider               ☐ Growing Equity Rider               ☐ Adjustable Rate Rider
☐ Planned Unit Development Rider   ☐ Graduated Payment Rider
☒ Other [specify] WAIVER OF BORROWER'S RIGHTS

FHA Georgia Security Deed - 06/13
321.14                          Page 8 of 10

After Recording Return To:
**ACADEMY MORTGAGE CORPORATION**
**1220 EAST 7800 SOUTH**
**SANDY, UT 84094**
ATTENTION: **CLOSING DEPARTMENT**

Prepared By:
**YVETTE SULLINS**
**ACADEMY MORTGAGE CORPORATION**
**1220 EAST 7800 SOUTH**
**SANDY, UT 84094**
**(801) 233-3700**

### WAIVER OF BORROWER'S RIGHTS



GRANTOR: **KEIDRA ALI-GADSON SOLE OWNERSHIP**

LENDER: **ACADEMY MORTGAGE CORPORATION**

DATE OF SECURITY DEED: **NOVEMBER 22, 2013**

BY EXECUTION OF THIS PARAGRAPH, GRANTOR EXPRESSLY: (1) ACKNOWLEDGES THE **RIGHT TO ACCELERATE** THE DEBT AND THE **POWER OF ATTORNEY** GIVEN HEREIN TO LENDER TO SELL THE PREMISES BY NONJUDICIAL FORECLOSURE UPON DEFAULT BY GRANTOR WITHOUT ANY JUDICIAL HEARING AND WITHOUT ANY NOTICE OTHER THAN SUCH NOTICE AS IS REQUIRED TO BE GIVEN UNDER THE PROVISIONS HEREOF: (2) **WAIVES** ANY AND ALL RIGHTS WHICH GRANTOR MAY HAVE UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES. THE VARIOUS PROVISIONS OF THE CONSTITUTION FOR THE SEVERAL STATES, OR BY REASON OF ANY OTHER APPLICABLE LAW TO NOTICE AND TO JUDICIAL HEARING PRIOR TO THE EXERCISE BY LENDER OF ANY RIGHT OR REMEDY HEREIN PROVIDED TO LENDER, EXCEPT SUCH NOTICE AS IS SPECIFICALLY REQUIRED TO BE PROVIDED HEREOF; (3) ACKNOWLEDGES THAT GRANTOR HAS READ THIS DEED AND SPECIFICALLY THIS PARAGRAPH AND ANY AND ALL QUESTIONS REGARDING THE LEGAL EFFECT OF SAID DEED AND ITS PROVISIONS HAVE BEEN EXPLAINED FULLY TO GRANTOR AND GRANTOR HAS BEEN AFFORDED AN OPPORTUNITY TO CONSULT WITH COUNSEL OF GRANTOR'S CHOICE PRIOR TO EXECUTING THIS DEED; (4) ACKNOWLEDGES THAT ALL WAIVERS OF THE AFORESAID RIGHTS OF GRANTOR HAVE BEEN MADE KNOWINGLY, INTENTIONALLY AND WILLINGLY BY GRANTOR AS PART OF A BARGAINED FOR LOAN TRANSACTION; AND (5) AGREES THAT THE PROVISIONS HEREOF ARE INCORPORATED INTO AND MADE A PART OF THE SECURITY DEED.

1009.24                                  Page 1 of 3

KAG

## CLOSING ATTORNEY'S AFFIDAVIT

Before the undersigned attesting officer personally appeared the undersigned closing attorney, who, having been first duly sworn according to law, states under oath as follows:

In closing the above loan, but prior to the execution of the Deed to Secure Debt and "Waiver of the Borrower's Rights" by the Borrower(s), I reviewed with and explained to the Borrower(s) the terms and provisions of the Deed to Secure Debt and particularly the provisions thereof authorizing the Lender to sell the secured property by a nonjudicial foreclosure under a power of sale, together with the "Waiver of Borrower's Rights" and informed the Borrower(s) of Borrower's rights under the Constitution of the State of Georgia and the Constitution of the United States to notice and a judicial hearing prior to such foreclosure in the absence of a knowing, intentional and willing contractual waiver by Borrower(s) of Borrower's rights. After said review with and explanation to Borrower(s), Borrower(s) executed the Deed to Secure Debt and "Waiver of Borrower's Rights."

Based on said review and and explanation to the Borrower(s), it is my opinion that Borrower(s) knowingly, intentionally and willingly executed the waiver of Borrower's constitutional rights to notice and judicial hearing prior to any such nonjudicial foreclosure.

Closing Attorney

Sworn to and subscribed before me on _____ 11-22-13

Notary Public

My Commission Expires: _____ Oct 3 2016

ALICE C. LEE
MY COMMISSION EXPIRES
OCT
3
2016
GWINNETT CO., GEORGIA
NOTARY PUBLIC

1009.24                    Page 3 of 3

READ AND AGREED BY GRANTOR:

_____ 1|2e|13

- BORROWER - KEIDRA ALI-GADSON - DATE -

Signed, sealed and delivered in the presence of:

_____
Unofficial Witness

Notary Public

My Commission Expires: ___6-15-16___

JORGE E UMPIERRE
COMMISSION EXPIRES
NOTARY
PUBLIC
JUNE 19, 2016
GWINNETT COUNTY, GEORGIA

1009.24                    Page 2 of 3

IN WITNESS WHEREOF, Borrower has signed and sealed this Security Instrument.

- BORROWER -   KEIDRA ALI-GADSON  - DATE -     11/22/13

Signed, sealed and delivered in the presence of:

Unofficial Witness

Notary Public
DEKALB COUNTY,
STATE OF _____ Georgie
My Commission Expires: 6-15-16

_____ [Space Below This Line For Acknowledgment]

STATE OF _____ Georgie

COUNTY OF **DEKALB**

This record was acknowledged before me on    11/22/13         by
_____ Keidra Ali-Gadson _____

who proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.
_____ Personally Known
or
_____ Produced Identification
Type and # of ID (last 4 digits) _____
ID Expiration Date _____

alice C Lee
Notary Public
**DEKALB** COUNTY, Georgie
STATE OF _____ Georgie
My Commission Expires: 10-8-16

FHA Georgia Security Deed - 06/13
 371.14                                    Page 10 of 10

KAG

DEED BOOK 24185 PG 274
Debra DeBerry
Clerk of Superior Court
DeKalb County, Georgia

## EXHIBIT "A"

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT NO.
69, OF THE 16TH DISTRICT, OF DEKALB COUNTY, GEORGIA, BEING LOT 24,
BLOCK E, UNIT TWO, RIDGEFIELD NORTH SUBDIVISION, AS PER PLAT
RECORDED IN PLAT BOOK 83, PAGE 5, DEKALB COUNTY, GEORGIA RECORDS,
WHICH PLAT IS HEREBY ADOPTED AND MADE A PART HEREOF BY
REFERENCE THERETO FOR A MORE COMPLETE DESCRIPTION OF SAID
PROPERTY, BEING IMPROVED PROPERTY NOW OR FORMERLY KNOWN AS
1691 TREE LINE ROAD, ACCORDING TO THE PRESENT SYSTEM OF
NUMBERING IN DEKALB COUNTY, GEORGIA.



2015149111   DEED BOOK **25240** Pg **281**

Filed and Recorded:

**11/2/2015 3:14:26 PM**
Debra DeBerry
Clerk of Superior Court
DeKalb County, Georgia

Recording Requested By: WELLS FARGO BANK, N.A.
When Recorded Return To: ASSIGNMENT TEAM, WELLS FARGO BANK, N.A. MAC: N9289-016 PO BOX 1629,
EAGAN, MN  55121-4400

## CORPORATE ASSIGNMENT OF SECURITY DEED

DeKalb, Georgia
"ALI-GADSON"

MIN                           IS #: 1-888-679-6377

**PREPARED BY: WELLS FARGO BANK, N.A.**

Date of Assignment: October 27th, 2015
Assignor: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR ACADEMY
MORTGAGE CORPORATION, ITS SUCCESSORS AND ASSIGNS at P.O. BOX 2026, FLINT, MI  48501-2026
Assignee: WELLS FARGO BANK, N.A. at 1 HOME CAMPUS, DES MOINES, IA  50328

Executed By: KEIDRA ALI-GADSON SOLE OWNERSHIP  To: MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., AS NOMINEE FOR ACADEMY MORTGAGE CORPORATION, ITS SUCCESSORS AND ASSIGNS
Date of Security Deed:  11/22/2013 Recorded:  12/09/2013 in Book/Reel/Liber: 24165 Page/Folio: 261 as
Instrument No.: 2013192226  In the County of DeKalb, State of Georgia.

Property Address: 1691 TREE LINE ROAD, LITHONIA, GA  30058

   KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency of
which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said
Security Deed having an original principal sum of $83,460.00 with interest, secured thereby, and the full benefit of all
the powers and of all the covenants and provisos therein contained, and the said Assignor hereby grants and
conveys unto the said Assignee, the Assignor's interest under the Security Deed.

   TO HAVE AND TO HOLD the said Security Deed, and the said property unto the said Assignee forever, subject
to the terms contained in said Security Deed.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR ACADEMY MORTGAGE
CORPORATION, ITS SUCCESSORS AND ASSIGNS
On  1 0 - 2 8 - 1 5

By:
Bhavdip Chhotalal Chauhan
Assistant Secretary

THE FOLLOWING PERSONS HAVE WITNESSED THE EXECUTION OF THIS DOCUMENT:

WITNESS

Thomas Sutsada Sananikone

NOTARY WITNESS

Debra DeBerry
Clerk of Superior Court
DeKalb County, Georgia

CORPORATE ASSIGNMENT OF SECURITY DEED Page 2 of 2

STATE OF Minnesota
COUNTY OF Dakota

Subscribed and sworn to (or affirmed) before me on ___10/20/15___, by ___Bhavdip Chhotalal Chauhan___
Assistant Secretary of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., proved to me on the basis of
satisfactory evidence to be the person(s) who appeared before me.

WITNESS my hand and official seal,

Kelley Christine Butikofer

Notary Expires: 01/31/2017

KELLEY CHRISTINE BUTIKOFER
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/17

(This area for notarial seal)

Filed and Recorded: 3/11/2021 10:22:00 AM
Recording Fee: $25.00
Prepared By:
6660156138
0848497841

Recording Requested By: WELLS FARGO BANK, N.A.
When Recorded Return To: ASSIGNMENT TEAM, WELLS FARGO BANK, N.A. MAC: N9408-05C-PO BOX 1629,
MINNEAPOLIS, MN 55440-1269

### CORPORATE ASSIGNMENT OF SECURITY DEED

DeKalb, Georgia
"ALI-GADSON"

PREPARED BY: WELLS FARGO BANK, N.A.

Date of Assignment: March 2nd, 2021
Assignor: WELLS FARGO BANK, N.A. at 1 HOME CAMPUS, DES MOINES, IA 50328
Assignee: U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE
FOR THE RMAC TRUST, SERIES 2016 G-CTT at 60 LIVINGSTON AVENUE, ST PAUL, MN 55107-2292

Executed By: KEIDRA ALI-GADSON SOLE OWNERSHIP  To: MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., AS GRANTEE, AS NOMINEE FOR ACADEMY MORTGAGE CORPORATION, ITS SUCCESSORS
AND ASSIGNS
Date of Security Deed: 11/22/2013 Recorded: 12/09/2013 In Book/Reel/Liber: 24165 Page/Folio: 261 In the
County of DeKalb, State of Georgia.

Property Address: 1691 TREE LINE ROAD, LITHONIA, GA  30058

   KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency of
which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said
Security Deed having an original principal sum of $83,450.00 with interest, secured thereby, and the full benefit of all
the powers and of all the covenants and provisos therein contained, and the said Assignor hereby grants and
conveys unto the said Assignee, the Assignor's interest under the Security Deed.

   TO HAVE AND TO HOLD the said Security Deed, and the said property unto the said Assignee forever, subject
to the terms contained in said Security Deed.

WELLS FARGO BANK, N.A.
On ____9/3/2021____

By: _____
       Meng Vang
Vice President Loan Documentation

THE FOLLOWING PERSONS HAVE WITNESSED THE EXECUTION OF THIS DOCUMENT:

WITNESS

_____
       Moi Vang

eRecorded

Debra DeBerry
Clerk of Superior Court
DeKalb County, Georgia

CORPORATE ASSIGNMENT OF SECURITY DEED Page 2 of 2
NOTARY WITNESS

STATE OF Minnesota
COUNTY OF Hennepin

Subscribed and sworn to (or affirmed) before me on _____ by
_____Meng Vang_____, proved to me on the basis of satisfactory evidence to be the person(s)
who appeared before me.

WITNESS my hand and official seal,

_____
Suzanne T Pierson
Notary Expires: 01/31/2025

SUZANNE T PIERSON
Notary Public-Minnesota
My Commission Expires Jan 31, 2025

(This area for notarial seal)

eRecorded

2021088041  DEED BOOK 29379 Pg 774
Filed and Recorded: 05/18/2021 2:07:00 PM
Recording Fee: $50.00
Prepared By:
9562359654
7067927936

**GEORGIA**

COUNTY OF **DEKALB**
LOAN NO. ███████████

WHEN RECORDED MAIL TO: **ATTN: ASSIGNMENT DEPT., RUSHMORE LOAN MANAGEMENT SERVICES LLC  C/O FIRST AMERICAN
MORTGAGE SOLUTIONS, LLC, 1795 INTERNATIONAL WAY, IDAHO FALLS, ID 83402**, PH. **(208) 528-9895**

# CORPORATE ASSIGNMENT

FOR VALUE RECEIVED, **U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY
AS TRUSTEE FOR THE RMAC TRUST, SERIES 2018 G-CTT**, located at **60 LIVINGSTON AVENUE, EP-MN-WS3D. ST.
PAUL, MN 55107**, Assignor, does this day transfer, assign, convey, and deliver unto **U.S. BANK NATIONAL ASSOCIATION,
NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR RMTP TRUST, SERIES 2021 BKM-TT**, located
at **7114 E STETSON DRIVE SUITE 250, SCOTTSDALE, AZ 85251**, Assignee, its successors, representatives, and assigns, all of
Assignor's right, title, and interest in and to that certain Security Deed in the principal sum of  **$83,460.00**, dated **NOVEMBER 22,
2013**, executed by **KEIDRA ALI-GADSON SOLE OWNERSHIP**, Original Grantor, to **MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. ("MERS"), AS GRANTEE, AS NOMINEE FOR ACADEMY MORTGAGE
CORPORATION, ITS SUCCESSORS AND ASSIGNS**, Original Grantee, and filed for record and recorded on **DECEMBER 09,
2013** in Deed Book 24165 at Page 261; **MODIFICATION RECORDED ON 09/30/2016 IN BOOK 25823, PAGE 139 AS
DOCUMENT/INSTRUMENT # 2016140495.** in the Office of the Clerk of the Superior Court in the County of **DEKALB**, State of
**GEORGIA**.

**AS DESCRIBED IN SAID DEED OF TRUST**

The Assignor herein specifically transfers, conveys and assigns to the above Assignee, its successors, representatives, and assigns the
aforesaid Security Deed, the property described therein, together with all the powers, options, rights, privileges, and immunities
contained therein on the undersigned.

IN WITNESS WHEREOF, the undersigned has caused this Instrument to be executed this ___MAY 1 1 2021___.

**U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2018 G-CTT, BY RUSHMORE LOAN MANAGEMENT SERVICES LLC, AS ATTORNEY IN FACT**

_____
**DAVID SEGOVIA, ASSISTANT SECRETARY**


STATE OF **TEXAS**            COUNTY OF **DALLAS**   ) ss.

SIGNED, SEALED, AND DELIVERED in the presence of the below named Notary Public, as an official witness and below named unofficial witness, on ___MAY 1 1 2021___. by **DAVID SEGOVIA, ASSISTANT SECRETARY**, of **RUSHMORE LOAN MANAGEMENT SERVICES LLC AS ATTORNEY-IN-FACT FOR U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2018 G-CTT**:

Notary Public/Official Witness:

_____
**SANDRA CUELLAR (COMMISSION EXP. 05/06/2024)**
NOTARY PUBLIC
Unofficial Witness:

_____
**Luis Nunez**            . Witness

SANDRA CUELLAR
Notary Public, State of Texas
Comm. Expires 05-06-2024
Notary ID 132467105