

**IT IS ORDERED as set forth below:**

**Date: January 10, 2022**

_____
**Wendy L. Hagenau**
**U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| | ) | CASE NO. 19-59740-WLH |
| KEIDRA AIESHA ALI-GADSON *a.k.a.* | ) | |
| KEIDRA AL-GADSON, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| S. GREGORY HAYS, Chapter 7 Trustee | ) | |
| For the Estate of Keidra Aiesha Ali-Gadson, | ) | |
| | ) | |
| Movant, | ) | |
| v. | ) | CONTESTED MATTER |
| | ) | |
| U.S. BANK NATIONAL ASSOCIATION, | ) | |
| NOT IN ITS INDIVIDUAL CAPACITY BUT | ) | |
| SOLELY AS TRUSTEE FOR THE RMAC | ) | |
| TRUST, SERIES 2018 G-CTT, | ) | |
| U.S. DEPARTMENT OF HOUSING AND | ) | |
| URBAN DEVELOPMENT, | ) | |
| DEKALB COUNTY TAX COMMISSIONER, | ) | |
| MIDLAND FUNDING LLC ASSIGNEE OF | ) | |
| HSBC BANK OF NEVADA, N.A., | ) | |
| DEPARTMENT OF THE TREASURY - | ) | |
| INTERNAL REVENUE SERVICE, | ) | |

17606696v1

KEIDRA AIESHA ALI-GADSON,                    )
                                             )
        Respondents.                         )
                                             )
_____      )

### ORDER GRANTING TRUSTEE'S MOTION FOR AUTHORITY TO (A) SELL PROPERTY OF THE BANKRUPTCY ESTATE FREE AND CLEAR OF ALL LIENS, INTERESTS, AND ENCUMBRANCES AND (B) DISBURSE CERTAIN PROCEEDS AT CLOSING

On December 13, 2021, S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Keidra Aiesha Ali-Gadson *a.k.a.* Keidra Al-Gadson ("**Debtor**"), filed *Trustee's Motion for Authority to (A) Sell of Property of the Bankruptcy Estate Free and Clear of Liens, Interests, and Encumbrances and (B) Disbursement of Certain Proceeds at Closing* [Doc. No. 80] (the "**Sale Motion**"), pursuant to 11 U.S.C. §§ 363(b), (f), and (m), and Fed. R. Bankr. P. 2002(a)(2), 6004(a), 6004(c), and 9014.  In the Sale Motion, Trustee sought, among other things, an order from the Court authorizing the sale (the "**Sale**") of that certain real property known generally as 1691 Tree Line Road, Lithonia, DeKalb County, Georgia 30058 (the "**Property**") to SSFR Atlanta Acquisition (No. 1) LP by its general partner, SSFR Atlanta Acquisition (No. 1) (GP) LLC (the "**Purchaser**") for a sale price of $190,000.00 in accordance with the terms of a *Purchase and Sale Agreement* (the "**Contract**") attached to the Sale Motion as Exhibit "A."

Also on December 13, 2021, Trustee filed a *Notice of Trustee's Motion for Authority to (A) Sell Property of the Bankruptcy Estate Free and Clear of All Liens, Interests, and Encumbrances and (B) Disburse Certain Proceeds at Closing; Deadline to Object; and for Hearing* [Doc. No. 82] (the "**Notice**") regarding the Sale Motion, in accordance with the Second Amended and Restated General Order No. 24-2018.  Counsel for Trustee certifies that he served

17606696v1

the Notice on all requisite parties in interest on December 13, 2021 [Doc. No. 83] and December

14, 2021 [Doc. No. 84].

The Notice provided notice of the opportunity to object and for hearing scheduled for

January 13, 2022 at 10:30 a.m., pursuant to the procedures in the Second Amended and Restated

General Order No. 24-2018.  No objection to the Sale Motion was filed prior to the objection

deadline provided in the Notice.

Having considered the Sale Motion and all other matters of record, including the lack of

objection by any creditor or party in interest to the relief requested in the Sale Motion, and based

on the foregoing, finding that no further notice or hearing is necessary; and, the Court having

found good cause exists to grant the relief requested in the Sale Motion, it is hereby

**ORDERED** that the Sale Motion is **GRANTED**. It is further

**ORDERED** that the Contract is **APPROVED** and its terms are incorporated into this

Order.  It is further

**ORDERED** that Trustee is authorized and directed to take any and all actions necessary

or appropriate to (a) consummate the Sale of the Property to Purchaser and perform under the

terms of the Contract; (b) execute, perform, consummate, implement, and close fully the Sale

together with all additional instruments and documents that may be reasonably necessary; and (c)

execute and perform all of the obligations of Trustee under the Contract.  It is further

**ORDERED** that this Order shall be binding upon all creditors (whether known or

unknown) of Debtor, Purchaser, Trustee, the Bankruptcy Estate, and their respective successors,

assigns, affiliates, and subsidiaries.  It is further

**ORDERED** that upon consummation of the closing of the Sale, the Property shall be

transferred and assigned to Purchaser free and clear of all liens, claims, interests, and

17606696v1

encumbrances with all unpaid, valid, and enforceable liens, claims, interests, or encumbrances attaching to the sale proceeds with the same extent, validity, and priority that they held in the Property.  It is further

**ORDERED** that the Sale of the Property to the Purchaser is "as is," "where is," and without representation or warranty, express or implied, from Trustee.  It is further

**ORDERED** that the transactions contemplated by the Contract and this Order are undertaken by the Purchaser in good faith, as that term is used in Section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale of the Property shall not affect the validity of the Sale to the Purchaser, unless such authorization is duly stayed pending such appeal.  The Purchaser is a purchaser in good faith of the Property, and it is entitled to all the protections afforded by Section 363(m) of the Bankruptcy Code.  It is further

**ORDERED** that, under Fed. R. Bankr. P. 6004(h), this Order shall be effective and enforceable immediately upon entry, and its provisions shall be self-executing.  In the absence of any person or entity obtaining a stay pending appeal, Trustee and Purchaser are free to close the Sale of the Property at any time, at which time the gross sales proceeds shall be paid to Trustee pursuant to this Order, and those disbursements requested by the Trustee in the Sale Motion are authorized to be made, including but not limited to, payment of Debtor's homestead exemption in the amount of $21,500.00 ("**Homestead Exemption**"), care of her attorney, Rushi D. Patel. Alternatively, Debtor may attend the closing and receive her Homestead Exemption after providing proper identification. It is further

**ORDERED** that this Court retains exclusive jurisdiction over any action relating to, based upon, or arising from disputes or controversies relating to or concerning the Sale, the

17606696v1

Contract, or this Order.

**[END OF DOCUMENT]**

Order prepared and presented by:

ARNALL GOLDEN GREGORY LLP
*Attorneys for Chapter 7 Trustee*

By:*/s/ Michael J. Bargar*
    Michael J. Bargar
    Georgia Bar No. 645709
171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363-1031
Phone: (404) 873-8500
michael.bargar@agg.com


**Identification of parties to be served:**

Office of the United States Trustee, 362 Richard B. Russell Bldg.,75 Ted Turner Drive, SW, Atlanta, Georgia 30303

S. Gregory Hays, Chapter 7 Trustee, Hays, Financial Consulting, LLC, Suite 555, 2964 Peachtree Road, Atlanta, GA 30305

U.S. Bank National Association, Laura A. Grifka, McMichael Taylor Gray, LLC, 3550 Engineering Drive, Suite 260, Peachtree Corners, GA 30092

U.S. Department of Housing and Urban Development, 451 7th Street, S.W, Washington DC 20410

U.S. Department of Housing and Urban Development, 2401 N.W. 23rd Street, Suite 1A1 Oklahoma City, OK 73107

Ben Carson, Secretary, U. S. Department of Housing and Urban Development, 451 7th Street, S.W., Washington, D.C. 20410

Andres Sandoval, Assistant United States Attorney, United States Attorney's Office, Northern District of Georgia, 75 Ted Turner Drive, S.W., Suite 600, Atlanta, GA 30303

United States Attorney General, 600 Richard B. Russell Building, 75 Ted Turner Drive, S.W. Atlanta, GA 30303-3309

United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue, NW

17606696v1

Washington, D.C. 20530-0001

Midland Funding LLC assignee of HSBC Bank of Nevada, NA, c/o Joseph C. Cooling, Cooling & Winter, LLC, 1355 Roswell Road, Suite 240, Marietta, GA 30062

Internal Revenue Service, c/o United States Attorney's Office, 600 Richard B. Russell Federal Building, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303-3309

Internal Revenue Service, P. O. Box 7346, Philadelphia, PA 19101-7346

Internal Revenue Service, c/o Special Assistant United States Attorney, 401 West Peachtree Street, NW, Stop 1000-D, Atlanta, Georgia 30308

Internal Revenue Service, Insolvency Unit 401 West Peachtree Street, NW, Stop 334-D, Atlanta, Georgia  30308

Internal Revenue Service, c/o Department of Justice, Tax Division, Civil Trial Section, Southern Region, Post Office Box 14198, Ben Franklin Station, Washington, D.C. 20044

Internal Revenue Service, Centralized Insolvency Operation, Post Office Box 21126, Philadelphia, PA  19114-0326

United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001

Irvin J. Johnson, DeKalb County Tax Commissioner, 4380 Memorial Drive #100, Decatur, GA 30032

Keidra Aiesha Ali-Gadson, 1691 Tree Line Rd, Lithonia, GA 30058

E. L. Clark, Clark & Washington, LLC, Building 3, 3300 Northeast Expressway, Atlanta, GA 30341

Rushi D. Patel, The Patel Law Group, LLC, 1995 North Park Place, SE, Suite 565, Atlanta, GA 30339

Michael Campbell, Campbell & Brannon, LLC, Attention: Denise Hammock, 5565 Glenridge Connector, Suite 350, Atlanta, GA 30342

Michael J. Bargar, Arnall Golden Gregory LLP, 171 17th Street, NW, Suite 2100, Atlanta, GA 30363-1031

17606696v1